April 13, 1904. The opinion of the Court was delivered by
The question presented by this appeal is, who is entitled to certain commissions of R. Lee Kerr, receiver, whether the appellant, James E. Reynolds, by virtue of an assignment thereof by the receiver, or respondent, administratrix of A.H. White, deceased, under the law of subrogation. The facts are substantially these:
1. In January, 1899, R. Lee Kerr was appointed receiver of the Rock Hill Cotton Factory Co., in the suit of A.E. Hutchison v. Rock Hill Cotton Factory Co.
2. On December 1, 1899, a bond was executed by the Commercial and Farmers Bank, with A.H. White, R. Lee Kerr and others as sureties, made payable to W. Brown Wylie, clerk, in the penal sum of $50,000, conditioned that said bank would pay any and all checks of said receiver drawn agreeably to the decrees of the Court, on the funds already and thereafter to be deposited in said bank by the receiver.
3. Under the call of creditors in the case of A.H. Whitev. Commercial and Farmers Bank et al., on the 3d day of June, 1900, the receiver established his claim for proceeds of the sale of property of the Rock Hill Cotton Factory Co., deposited in said bank to the amount of $31,061.82.
4. On January 2, 1900, R. Lee Kerr, as collateral to his note for $2,500, assigned to James E. Reynolds all his fees due or thereafter to become due him as receiver of the Rock Hill Cotton Factory Co. *Page 438 
5. On September 24, 1900, in the suit of Hutchison v.
Rock Hill Cotton Factory Co., the Court made a decree containing the following terms: "It further appearing from the receiver's reports to this Court that the funds coming into his hands from the sale of the property of the insolvent corporation, were deposited to his credit in the Commercial and Farmers Bank of Rock Hill, S.C. and a bond conditioned that said bank would pay all checks drawn against said funds by the receiver, on which bond it appears that the said Lee Kerr is one of the obligors; said receiver's compensation of three per cent. on monies received by him — to cover all services of receiving and disbursing or otherwise by him — should be withheld until all the funds remaining in said bank are withdrawn and paid, and the said bond is satisfied." * * * "Said receiver is further ordered and directed to forthwith draw his check on the Commercial and Farmers Bank of Rock Hill, S.C. in favor of W. Brown Wylie, clerk of this Court, for the amount of his deposit remaining to his credit on the books of said Commercial and Farmers Bank of Rock Hill, S.C.; if payment of said check is refused, said clerk is authorized and directed to bring suit on the guaranty bond made in behalf of the said Commercial and Farmers Bank, as security for the deposit of receiver's funds. The amount received by said clerk, whether from the said check or from collection of said bond, to be forthwith paid over by him to said receiver for disbursement under the terms of this order."
6. On October 12, 1900, the said receiver drew his check on the Commercial and Farmers Bank in favor of W. Brown Wylie, clerk, for $26,314.02, which was dishonored.
7. On May 7th, 1901, in an action on the bond mentioned in fact No. 2, above, judgment was entered for $21,577.50, with costs and interest, in favor of W. Brown Wylie, clerk, and against the obligors, Commercial and Farmers Bank, A. H. White, R. Lee Kerr, and others.
8. A.H. White paid $10,000 on said judgment, and after his death, his administratrix, the respondent, procured the *Page 439 
balance due thereon to be paid into Court by Loan and Savings Bank, the present holder of the judgment, and so far as creditors are concerned, the entire judgment on said bond has been paid into Court.
9. There is no dispute that the amount of the commissions of the receiver is $946.42, nor is it disputed that, if respondent is entitled to be subrogated to this fund, her claim would absorb the whole of it.
Judge Dantzler made decree sustaining respondent's claim to this fund, and we do not think he erred. Subrogation in equity is that principle which substitutes a person who has paid a debt for which another is bound, to all the rights and remedies of the creditor against that third party, provided he is not a mere volunteer, but made payment because his duty with respect to the contract, or his interest with respect to the property or securities concerned, compelled him. Thus, if a surety pays the debt of his principal, he is subrogated to the benefit of all securities, funds, liens and equities, which the creditor has against the principal. Since cosureties have the right to call on each other for contribution, a surety compelled to pay the debt of the principal, is subrogated to the right of the creditor, not only against the principal but against the cosurety also. Burrows Brown v. McWhann, 1 DeSaus., 409; 24 Ency. Law, 1 ed., 226. "The doctrine of subrogation is a pure unmixed equity, having its foundation in the principles of natural justice." Chancellor Johnson, in Gadsden v. Brown, Speer Eq., 41. Therefore, it should not be applied against the interest of one who has fairly acquired rights and equities equal or superior to those of the claimant under subrogation.
Applying these principles to the facts stated, the right of A.H. White, or his administratrix, to subrogation against the cosurety, Kerr, was not consummated, in the sense of being capable of enforcement, until actual payment of the debt; but it originated in the bond executed December 1, 1899, and after consummation goes back to that date. Thus the origin of the right of respondent to subrogation was prior *Page 440 
to the assignment of commissions by Kerr to appellant, which was January 2, 1900.
Now, did the appellant, as Kerr's assignee, acquire a right or equity equal to that of respondents? Sec. 265, subdiv. 4, provides: "Receivers of the property within this State of foreign or other corporations shall be allowed such commission as may be fixed by the Court appointing them, not exceeding five per cent. on the amount received and disbursed by them." A receiver takes only such commission as the Court may order, and every assignment of funds under the control of a Court must be held subject to order of the Court touching its distribution. It is true, the assignment to the appellant was previous to the order of Court fixing the amount of the fees and directing the manner of disbursement, but appellant was bound to take notice that Kerr's commissions were subject to the order of the Court, as if that had been written in the assignment in so many words. The Court, by its order of September 24, 1900, in effect, retained the commissions as a security for the payment of the funds deposited by Kerr, receiver, in the bank, and in compliance with the conditions of the bond of December 1, 1899. The bond having been paid by A.H. White, his administratrix, respondent, should be subrogated to the commissions as one of the securities for its payment. Kerr could not complain, and his unfortunate assignee can claim no higher right than Kerr had.
The judgment of the Circuit Court is affirmed.